ALMA M. BOGDANOVE, AND OTHERS SIMILARLY SITU-
ATED, PLAINTIFFS-APPELLANTS, v. MAYOR AND
COUNCIL OF THE BOROUGH OF WALDWICK; AN-
THONY SCAFURO; ROBERT RAKERS; WILLIAM BRA-
NATH; CHARLES M. YOUNG AND FRANCIS X. HER-
BERT, INDIVIDUALLY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 19, 1972—Decided July 5, 1972.

6

Before Judges SULLIVAN, LEONARD and CARTON.

Mr. *Joel M. Ellis* argued the cause for appellants (*Messrs. Gross, Demetrakis & Donohue,* attorneys).

Mr. *Robert E. Hamer* argued the cause for respondent Mayor and Council of the Borough of Waldwick.

PER CURIAM. Nathaniel Bogdanove, the Republican nominee for mayor in the Borough of Waldwick, died seven days before the general election held on November 2, 1971. At that election his name remained on the ballot and he received 1977 votes while the Democratic candidate received 1758 votes. No other name appeared on the ballot as a candidate for the office of mayor.

The term of office of defendant Anthony Scafuro, who had been elected mayor in 1969, expired on December 31, 1971. He continued to hold over as mayor on the basis that no successor has qualified. Ever since he has exercised the prerogatives of that office.

On December 9, 1971 plaintiff, widow of the deceased nominee, on her own behalf and on behalf of others who cast their votes for him, filed a complaint and secured an order to show cause seeking to enjoin defendant mayor from exercising the office and requiring the council to fill the vacancy in that office pursuant to *N. J. S. A.* 40:87-11.

Upon the return of the order to show cause, the trial court, with the agreement and stipulation of all counsel, proceeded as if the matter was before it on cross-motion for summary judgment. Following hearing, a judgment was entered, adjudicating that defendant Scafuro continued to

hold office as mayor until his successor shall have qualified, and further, that no vacancy exists in the office of mayor pursuant to *N. J. S. A.* 40:87–11. Plaintiffs appeal.

It cannot be disputed that the death of Nathaniel Bogdanove, just seven days before the November 1971 general election and his receipt of the high vote at that election, created a vacancy in the office of mayor. *Kilmurray v. Gilfert*, 10 *N. J.* 435, 439 (1952); *Petition of Keogh-Dwyer*, 106 *N. J. Super.* 567 (Law Div. 1969), aff'd (substantially for the reasons given by the trial court) 54 *N. J.* 523 (1969). However, the pertinent question to be resolved is whether that vacancy is to be filled by the borough council in accordance with *N. J. S. A.* 40:87–11 or whether it should be filled at the November 1972 general election as provided in *N. J. S. A.* 19:3–29. We find no specific statutory assistance in the resolution of this issue.

The trial court found *N. J. S. A.* 40:87–11 inapplicable, holding that this statute "only applies to Mayors and Councilmen who have qualified and hold office." We agree, particularly since the first section thereof solely treats with a vacancy created by the resignation of the mayor, and the pertinent next section commences with the words "A vacancy occurring in the office of mayor, whether by resignation or otherwise * * *."

Although *N. J. S. A.* 19:3–25, which was enacted as a part of *N. J. S. A.* 19:3–29 (*L.* 1930, *c.* 187), does not specifically deal with the death of a nominee, it does in its definition of "what constitutes a vacancy" include situations where, for the reasons stated therein, the office involved is never actually occupied by the individual involved. Therefore, we hold that the instant vacancy should be filled at the November 1972 general election pursuant to *N. J. S. A.* 19:3–29.

In the interim, as also determined by the trial court, defendant Scafuro, by virtue of *N. J. S. A.* 40:87–9, shall continue to hold the office of mayor until his successor is elected as above stated and qualifies.

Although the issue of when the person so elected mayor may qualify and take office was mentioned by counsel, it was not fully pursued. Consequently, the trial court made no determination thereof. However, this issue was presented at oral argument and we were informed that candidates have been nominated by the two major political parties to run for the office of mayor in the November 1972 elections. Since we felt that the resolution of this issue is necessary for a prompt complete determination of the problem herein involved, we directed counsel to file letter memorandums thereon.

Generally, a borough officer, elected at the general election, does not take office until the following January. See *N. J. S. A.* 40:87–8. Thus, the term of his predecessor ordinarily would not expire until that time. However, as noted above, that is not the existing situation. Further, the term of the mayor-elect will be shortened by the holding over by defendant Scafuro. *Gillson v. Hefferman,* 40 *N. J.* 367, 376 (1963). Under these circumstances, we conclude that the person so elected mayor at the November 1972 general election, shall qualify and take office on the Monday following the election.

Affirmed as modified.